<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN M. PEREZ, : | |
| : | Civil Action No. 07-1393 (SRC) |
| Petitioner, : | |
| : | **OPINION** |
| v. : | |
| : | |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent. : | |
| : | |

**<u>CHESLER</u>**<u>, District Judge</u>

    *Pro se* Petitioner Juan M. Perez (hereinafter "Perez" or "Petitioner"), a prisoner currently confined at the Federal Correctional Institute in Fort Dix, New Jersey, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  The Respondent, the United States of America (hereinafter "the Government"), filed its Answer, as ordered by the Court.  The Answer contains a motion to dismiss the section 2255 petition for habeas corpus relief for failure to state a claim on which relief may be granted due to the waiver provision in the Petitioner's plea agreement.  For reasons discussed below, the Court grants the Government's motion to dismiss, denies Petitioner's section 2255 motion and dismisses the petition with prejudice. Moreover, for the reasons expressed below, the Court rules that a certificate of appealability will not issue.

I.     **BACKGROUND**

On May 20, 2005, a federal grand jury returned an indictment charging Perez with one count of wire fraud, in violation of 18 U.S.C. § 1343, and one count of credit card fraud, in violation of 18 U.S.C. § 1029(a)(2). On or about July 8, 2005, Perez, who was represented by Assistant Federal Public Defender Kevin Carlucci, entered into a plea agreement with the Government (hereinafter, the "Plea Agreement"). Perez agreed to plead guilty to the wire fraud count, and the Government agreed to dismiss the credit card fraud count. The Plea Agreement contained a provision in which Perez waived his right to appeal or collaterally attack his sentence. In relevant part, the waiver provision states as follows:

> Juan Manuel Perez knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 13 . . . The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.

(Plea Agreement at 6-7, ¶ 7: attached to Resp. Br. as Ex. 1.) The Plea Agreement is signed by both Perez and his attorney.

At the October 4, 2005 plea hearing held before the Hon. William G. Bassler, the Court engaged in a colloquy with Perez, as required by Rule 11 of the Federal Rules of Criminal Procedure. Judge Bassler asked Perez (1) if he had read the Plea Agreement; (2) if he had reviewed the Plea Agreement with his attorney; (3) if he fully understood all of the terms of the

Plea Agreement; and (4) if the Plea Agreement letter accurately and comprehensively set forth the terms of the plea bargain as Perez understood it. (United States v. Perez, Crim No. 05-409, 10/4/05 Tr. at 6-8.) Perez responded "yes" to all of these questions. (Id.) During the colloquy, Perez was asked specifically about the rights he had waived with regard to appeal and collateral attack by executing the Plea Agreement. Perez stated under oath that he understood the waiver, that he had discussed the matter with his attorney, that he was satisfied with the explanation that his attorney provided and that he waived his rights to appeal and to file a post-conviction challenge knowingly and voluntarily. (Id. at 9-10.) Perez also stated that he was not coerced to plead guilty, and that he was pleading guilty of his own free will because he was, in fact, guilty of the crime charged. (Id. at 8-9.)

The sentencing hearing occurred on March 17, 2006. Judge Bassler acknowledged that the Presentence Investigation Report had calculated a Guidelines sentencing range of 33 to 41 months, based upon a total offense level of 13 and criminal history category of VI. (United States v. Perez, Crim No. 05-409, 3/17/06 Tr. at 3.) The Court sentenced Perez to 41 months in prison and ordered him to pay restitution in the amount of $73,476.04. (Id. at 8.) The judgment of conviction was entered on March 17, 2006.

Shortly after the sentencing, Mr. Carlucci filed a notice of appeal on behalf of his client. The appeal remains pending to date. On or about May 25, 2007, Perez filed the instant § 2255 motion *pro se*. He challenges his sentence on three grounds: (1) Mr. Carlucci's failure (according to Perez) to file a notice of appeal constituted ineffective assistance of counsel and therefore denied Petitioner his Sixth Amendment right to counsel; (2) his attorney was constitutionally ineffective because he failed to investigate and obtain evidence and to calculate

3

the total loss amount; and (3) the Government breached its promise in the Plea Agreement not to recommend a sentence to the Court by recommending a sentence of 41 months imprisonment.

In addition to opposing Perez's § 2255 motion on its merits, the Government moves that this Court enforce the Plea Agreement's waiver provision and dismiss the motion as barred by the waiver.

## II.   DISCUSSION

Perez is a *pro se* petitioner. A *pro se* pleading is held to less stringent standards than more formal pleadings filed by lawyers. Haines v. Lerner, 404 U.S. 519, 520 (1972). Our jurisprudence directs that a *pro se* habeas petition, such as the one at bar, should be construed liberally and with a measure of tolerance. Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). However, even applying this generous standard, the Court finds that Perez's § 2255 petition must be dismissed as barred by the plea agreement's waiver provision.

### A.   Legal Standard

The Court must review the Government's motion according to the standard set forth by Federal Rule of Civil Procedure 12(b)(6). See Rule 12, Rules Governing Section 2225 Proceedings for the United States District Courts (providing that Federal Rules of Civil Procedure apply to § 2255 proceeding). In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff, and in this case, the petitioner. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998); Robb v. Philadelphia, 733 F.2d 286, 290 (3d Cir. 1984). In evaluating a

Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that it fails to state plausible grounds for plaintiff's entitlement to the relief sought, a court shall dismiss a complaint for failure to state a claim. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965-66 (2007); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Zynn v. O'Donnell, 688 F.2d 940, 941 (3d Cir. 1982). In other words, to survive a motion brought pursuant to Rule 12(b)(6), the complaint must contain sufficient factual allegations to raise a right to relief above the speculative level. Bell Atlantic Corp v. Twombly, 127 S.Ct. at 1965.

**B.   Analysis**

Perez expressly waived his right to bring the instant 2255 petition in both the Plea Agreement and at his plea hearing. The Plea Agreement's waiver provision plainly states that Perez waived his right to bring a post-conviction challenge if his sentence fell within or below the guidelines range for an offense level of 13. Because his sentence of 41 months imprisonment is consistent with the offense level of 13, the waiver is implicated. The Government asks that the Court enforce the waiver and dismiss the post-conviction challenge at bar. Petitioner does not argue that the waiver is invalid and in fact, does not even address the waiver in his section 2255 motion.

In United States v. Khattak, the Third Circuit held that waivers of the right to appeal are valid if entered into knowingly and voluntarily, unless enforcing such a waiver would result in a

miscarriage of justice.  United States v. Khattak, 273 F.3d 557, 563 (3d Cir. 2001).  The Third Circuit has not yet ruled on the question of whether the Khattak standard applies to a waiver of the right to bring a collateral attack pursuant to 28 U.S.C. § 2255.  See United States v. Wilson, 429 F.3d 455, 460 n.6 (3d Cir. 2005).  In a non-precedential opinion, however, it held that a waiver of the right to collaterally attack a sentence is valid if it meets the Khattak test.  United States v. Perry, 142 Fed. Appx. 610, 611 (3d Cir. 2005).  Moreover, many other circuit courts have held that knowing and voluntary waivers of collateral attacks are enforceable and bar all claims except those relating directly to negotiation of the waiver itself.  See Simon v. United States, No. 05-5503, 2006 WL 3534600, at *5 (D.N.J. Dec. 7, 2006) (collecting cases); United States v. Fagan, No. 04-2176, 2004 WL 2577553, at * 3 (E.D. Pa. Oct. 4, 2004) (collecting cases).  Thus, this Court will evaluate the enforceability of the subject waiver provision as it applies to Perez's section 2255 petition according to the Khattak standard.

In Perry, the Third Circuit Court of Appeals applied the Khattak standard and upheld a waiver of the right to file a collateral attack.  It held that since the petitioner did not present any evidence that his waiver was unknowing or involuntary, there was "no basis in the record to question the validity or applicability of that waiver."  Perry, 142 Fed. Appx. at 612.  Similarly, in the instant case, Petitioner has presented no evidence that the waiver was unknowing or involuntary, or that he was incompetent to plead guilty.  Indeed, the evidence is to the contrary.  The Plea Agreement, executed by Perez, contains a plainly worded waiver provision that states that he knowingly and voluntarily waived his right to a post-conviction collateral attack of the sentence, including, specifically, the right to bring a motion pursuant to section 2255.  In a detailed and pointed colloquy with the Court at the plea hearing, Perez confirmed to the Court in

his sworn statements that he had discussed the waiver provision with his attorney, that he understood it and that he entered into the Plea Agreement freely and without coercion. As such, this Court has no basis to invalidate the waiver.

The exception in Khattak, which declines enforcement of waivers that work a miscarriage of justice, does not apply in this case. A miscarriage of justice within the meaning of the Khattak standard involves an underlying error in the administration of justice and occurs in the "unusual circumstance." Khattak, 273 F.3d at 563. The Third Circuit has endorsed a case-by-case approach to determining whether enforcing a waiver provision would amount to a miscarriage of justice, based on several factors articulated by the First Circuit in United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001). Id. These factors include "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." Id. (quoting Teeter, 257 F.3d at 25-26.) Petitioner has not claimed that enforcement of the waiver would result in manifest injustice and has not identified any underlying error that would support that claim. He was sentenced within the guidelines range, at the offense level he and the Government agreed was appropriate, and the sentence was well below the 20-year maximum authorized by statute for the crime to which Perez pled guilty. See 18 U.S.C. § 1343.

The principles stated in Khattak, under which this Court has now determined that Perez made a valid and enforceable waiver, have been confirmed by the Third Circuit in United States v. Gwinnett, 483 F.3d 200 (3d Cir. 2007). In Gwinnett, the Court determined the validity of a waiver of appealability provision in a guilty-plea agreement. Id. at 203-04. In doing

so, the Third Circuit performed a series of inquiries. First, it looked to see whether the language of the plea agreement was "clear as to its purpose and effect . . . ." Id. at 204. Second, it examined the colloquy between the sentencing judge and the defendant at the plea hearing to determine whether the record showed that the defendant's waiver was entered into knowingly and voluntarily. Id. at 204-05. Last, the Court found that the defendant had "failed to establish that enforcing the waiver will result in manifest injustice." Id. at 206.

This Court has examined the Plea Agreement, the plea hearing colloquy, and the Petitioner's arguments. The waiver provision in the plea agreement is clear as to its purpose and effect, the colloquy shows that Petitioner's waiver was entered into knowingly and voluntarily, and Petitioner's arguments have failed to establish that enforcing the waiver will result in manifest injustice. Following the inquiry set forth in Gwinnett, this Court determines that the waiver is valid and enforceable. Thus, the section 2255 motion at bar fails to state a claim upon which relief may be granted and must be dismissed with prejudice.

    **C.**    **Certificate of Appealability**

This Court must determine whether a certificate of appealability should issue. L.A.R. 22.2. The Court should issue a certificate only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court dismisses a habeas petition based on procedural grounds without reaching the prisoner's underlying constitutional claim, the prisoner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added). This Court finds that

jurists of reason would not find debatable this Court's dismissal of Perez's petition as barred by the Plea Agreement's waiver provision. Therefore, this Court declines to issue a certificate of appealability pursuant to § 2253(c)(2).

### III. CONCLUSION

For the foregoing reasons, this Court denies Petitioner's motion for relief under 28 U.S.C. § 2255 and dismisses the section 2255 motion with prejudice. A certificate of appealability will not issue. An appropriate form of order will be filed together with this Opinion.

s/ Stanley R. Chesler<br>
STANLEY R. CHESLER<br>
United States District Judge

DATED: August 22, 2007