NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JUAN M. PEREZ, | : | |
| | : | Civil Action No. 07-1393 (SRC) |
| Petitioner, | : | |
| | : | **OPINION & ORDER** |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**CHESLER**, District Judge

This matter comes before the Court on the Motion for Reconsideration filed by *pro se* Petitioner Juan M. Perez (hereinafter "Perez" or "Petitioner") on September 4, 2007 [docket item # 10]. Respondent United States of America has not opposed the instant motion. The Court has considered the papers submitted by Petitioner in connection with this motion. For the reasons discussed below, this Court denies the motion for reconsideration.

Petitioner seeks reconsideration of the Court's August 22, 2007 Order dismissing his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. As more fully set forth in the Opinion accompanying the Court's August 22, 2007 Order, Petitioner's § 2255 motion failed to state a claim upon which relief could be granted because Perez had entered into a plea agreement that contained an enforceable provision by which Perez waived his right to appeal or collaterally attack his sentence. Perez further requests that, should the Court deny his motion for reconsideration, he be granted "leave to take an interlocutory appeal from said order

in forma pauperis."

Local Civil Rule 7.1(i) creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision.  See Bryan v. Shah, 351 F.Supp.2d 295, 297 (D.N.J. 2005); Bowers v. Nat'l Collegiate Athletic Assoc., 130 F.Supp.2d 610, 612 (D.N.J. 2001).  Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the court before rendering its decision.  See Bermingham v. Sony Corp. of Am., Inc., 820 F.Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); Carteret Sav. Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J. 1989).  Our jurisprudence directs that a motion under Rule 7.1(i) may be granted only if: (1) "an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice."  Database Am., Inc. v. Bellsouth Advert. & Publ'g Corp., 825 F.Supp. 1216, 1220 (D.N.J. 1993); North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir 1995).  Indeed, Rule 7.1(i) permits reconsideration only when "dispositive factual matters or controlling decisions of law" were presented to the court but were overlooked. See Resorts Int'l v. Great Bay Hotel and Casino, 830 F.Supp. 826, 831 (D.N.J.1992); Khair v. Campbell Soup Co., 893 F.Supp. 316, 337 (D.N.J.1995).  Accordingly, a court will reconsider its previous rulings only where convinced that germane information was initially overlooked.

Because reconsideration is "an extraordinary remedy," it is "to be granted "very sparingly."  See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996); Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986).  Indeed, "mere disagreement with a court's decision normally should be raised through the appellate process and is

inappropriate on a motion for reargument." <u>Yurecko v. Port Auth. Trans. Hudson Corp.</u>, 279 F. Supp. 2d 606, 609 (D.N.J. 2003) (quotation and citation omitted).

In this case, the arguments presented by Petitioner in his motion for reconsideration amount to no more than "mere disagreement" with the Court's dismissal of his § 2255 petition. Here, Perez does not show that this Court overlooked any dispositive factual matters or controlling legal authority.  Thus, Perez cannot satisfy the threshold for granting a motion for reconsideration.  He has not presented the Court with changes in controlling law, factual issues that were overlooked, newly discovered evidence, or a clear error of law or fact that would necessitate a different ruling in order to prevent a manifest injustice.

In the alternative to reconsideration of the Court's August 22, 2007 Order, Petitioner asks that he be granted leave to appeal the Order in forma pauperis.  For the reasons set forth in the Opinion filed with the Order, this Court declined to grant Petitioner a certificate of appealability. Nevertheless, the Court will direct that the Clerk of this Court forward Petitioner's submission to the Clerk of the Court for the Third Circuit Court of Appeals for that Court's consideration.

Accordingly, **IT IS** on this 25th day of October, 2007,

**ORDERED** that Petitioner's Motion for Reconsideration of this Court's August 22, 2007 Order [docket item # 10] be and hereby is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court forward Petitioner's submission filed as docket item #10 to the Clerk for the United States Court of Appeals for the Third Circuit.

                         s/ Stanley R. Chesler

                         STANLEY R. CHESLER

                         United States District Judge